# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY HAIRSTON,<br><br>        Petitioner,<br><br>  v.<br><br>DAVID R. ZULFA, et al.,<br><br>        Respondents. | Case No. 1:18-cv-01194-LJO-SAB-HC<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK PRISONER CIVIL RIGHTS COMPLAINT FORM |

Petitioner is a state prisoner who proceeded pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 6, 2018, the Court ordered Petitioner show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 6). This order was served on Petitioner and contained notice that a response should be filed within thirty days of the date of service of the order. Petitioner failed to file a response to the order to show cause. Thereafter, on November 7, 2018, the Magistrate Judge issued Findings and Recommendation that recommended dismissing the petition without prejudice for failure to exhaust state judicial remedies. (ECF No. 9). This Findings and Recommendation was served on Petitioner and contained notice that any objections were to be filed within thirty days of the date of service of the Findings and Recommendation. Petitioner failed to file any objections. On January 4, 2019,

the District Judge adopted the Findings and Recommendation and dismissed the petition without prejudice. (ECF No. 10).

On June 15, 2020, Petitioner filed a document, which consists of the first page of the Court's order to show cause followed by what appears to be a civil complaint form. (ECF No. 12). Although it is difficult to comprehend, it appears to Petitioner does not challenge his conviction and sentence. Rather, Petitioner complains of false imprisonment, assault, fraud, racial discrimination, police brutality, and medical negligence in connection with the California Department of Corrections and Rehabilitation. (ECF No. 12 at 2–6).[1] Petitioner has filed this document five months after the judgment was issued in this case and the instant habeas proceeding closed, and a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). If Petitioner wishes to pursue the claims related to false imprisonment, assault, fraud, racial discrimination, police brutality, and medical negligence, Petitioner should file a separate 42 U.S.C. § 1983 civil rights complaint without reference to the instant habeas case.

Accordingly, the Clerk of Court is DIRECTED to send Petitioner a blank prisoner civil rights complaint form.

IT IS SO ORDERED.

Dated:   **June 19, 2020**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.